**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Arthur Doiron</u>

    v.                                                Case No. 21-cv-360-SM

<u>Jim Brown, et al.</u>

## **Report and Recommendation**

    Arthur Doiron filed an action pursuant to 42 U.S.C. § 1983, alleging violation of his federal constitutional rights by employees of the New Hampshire Department of Corrections. He filed two motions for preliminary injunctions. In the first motion (doc. no. 11), Doiron addresses a medical issue that is not part of this case and seeks an order to require the New Hampshire State Prison to schedule a consult with a urologist and to schedule surgery. In the second motion (doc. no. 13), Doiron seeks an order for his immediate release from prison and to have the FOCUS program removed from his CORIS file with a new requirement for substance abuse treatment outside of the prison.

    The issues and relief Doiron seeks in the first motion are not part of this case. For that reason, the first motion (doc. no. 11) should be denied without prejudice to raise those matters in a separate action.

    The issues alleged in the second motion (doc. 13) arose at the Northern New Hampshire Correctional Facility in Berlin. Doiron was moved to the New Hampshire State Prison in Concord in

December of 2021. Therefore, it appears that the issues raised for preliminary injunctive relief are moot. Even if the issues remain in controversy, despite Doiron's transfer to Concord, the relief Doiron seeks is not available in the context of this case brought pursuant to 42 U.S.C. § 1983. Therefore, the second motion for a preliminary injunction (doc. no. 13) should be denied.

## Conclusion

For the foregoing reasons, the district court should deny the motions for preliminary injunctions (doc. nos. 11 and 13). The first motion (doc. no. 11) should be denied without prejudice to file a separate action to address the issues raised in the motion. The second motion (doc. no. 13) should be denied without prejudice to filing a motion seeking available preliminary injunctive relief and to the extent the issues raised are meritorious, not moot, and arise from the claims that are served following preliminary review.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co.,

617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 19, 2022

cc: Arthur Doiron, pro se